IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:20-cv-00460-MR

| | |
|---|---|
| ADRIAN DOMINIC WATKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| FNU BLACKMON, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court *sua sponte*.

The *pro se* Plaintiff, who is presently incarcerated at the Scotland Correctional Institution ("Scotland C.I."), filed the Complaint pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Lanesboro Correctional Institution ("Lanesboro C.I."). [Doc. 1]. He names as Defendants: FNU Blackmon, an operations/SRG officer at Lanesboro C.I.; Kevin J. Ingram, a unit manager at Lanesboro C.I.; Albert K. Lambert, an assistant unit manage at Lanesboro C.I.; Kenneth E. Lassiter, the North Carolina director of prisons; FNU Mack, a custody sergeant at Lanesboro C.I.; T. Reynolds, an assistant superintendent at Lanesboro C.I.; FNU Richardson, the superintendent of Lanesboro C.I.; FNU Simmons, an

operations lieutenant at Lanesboro C.I.; and Marshall Williams, an assistant unit manager at Lanesboro C.I.

Because the Plaintiff is proceeding *in forma pauperis* [Doc. 6], the Court screened the Complaint on initial review under 28 U.S.C. § 1915(e)(2). On February 23, 2021, the Court issued an Order finding that the Plaintiff had stated plausible claims against Defendants Blackmon and Simmons for the use of excessive force, deliberate indifference to a serious medical need, and retaliation. [Doc. 9]. The remaining claims were dismissed without prejudice. The Court allowed the Plaintiff 30 days to amend his Complaint to correct the deficiencies identified by the Court and to otherwise state a claim upon which relief can be granted. The Plaintiff was cautioned that, should he fail to timely amend his Complaint in accordance with the Court's Order, Defendants Ingram, Lambert, Lassiter, Mack, Reynolds, Richardson, and Williams would be dismissed from the case without further notice. [Doc. 9 at 19].

The time to file an Amended Complaint has expired and none has been filed. Therefore, the claims against Defendants Ingram, Lambert, Lassiter, Mack, Reynolds, Richardson, and Williams are dismissed and the Clerk of Court will be instructed to terminate them as Defendants.

This Court's Local Rule 4.3 sets forth the procedure to waive service of process for current or former employees of NCDPS in actions filed by North Carolina State prisoners. In light of the Court's determination that the Plaintiff has stated plausible claims against Defendants Blackmon and Simmons, the Court will order the Clerk of Court to commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for those Defendants, who are alleged to be current or former employees of NCDPS.

**IT IS, THEREFORE, ORDERED** that the Complaint [Doc. 1] has passed initial review against Defendants Blackmon and Simmons for the use of excessive force, deliberate indifference to a serious medical need, and retaliation. [See Doc. 9].

**IT IS FURTHER ORDERED** that Defendants Ingram, Lambert, Lassiter, Mack, Reynolds, Richardson, and Williams are hereby **DISMISSED** from this action. The Clerk of Court is instructed to terminate them as Defendants.

The Clerk of Court is respectfully directed to commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendants **Blackmon** and **Simmons**, who are alleged to be current or former employees of NCDPS.

The Clerk is further directed to mail Plaintiff an Opt-In/ Opt-Out form pursuant to the Standing Order in Misc. Case No. 3:19-mc-00060-FDW.

**IT IS SO ORDERED.**

Signed: April 13, 2021

Martin Reidinger
Chief United States District Judge